**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARON ROBINSON** | : | |
| **Petitioner**, | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 5:24-cv-04516-JDW** |
| **BRADLEY BOOHER,** | : | |
| **et al.**, | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Aaron Robinson objects to the Report and Recommendation that Magistrate Judge Lynne A. Sitarski issued September 29, 2025. He objects to the recommendation that I dismiss his first two claims for being untimely and reemphasizes his contention that his trial counsel provided ineffective assistance of counsel. I will not adopt Judge Starski's recommendation that I dismiss Mr. Robinson's first two claims as untimely, but I will adopt the rest of Judge Sitarski's recommendations that that I dismiss his first and fourth claims as not cognizable and that I dismiss his third claim on the merits. Upon my own review, I will also dismiss Mr. Robinson's second claim on the merits.

## I. BACKGROUND

On December 27, 2011, the Commonwealth charged Mr. Robinson with three counts of robbery, two counts of kidnapping to facilitate a felony, one count of criminal conspiracy, one count of theft by extortion, and one count of unlawful restraint. On January 18, 2013, the jury convicted Mr. Robinson on all counts. On April 2, 2013, the trial

court sentenced him to an aggregate term of 36 to 72 years' incarceration, structured as follows:

- Count 1, Robbery: 10 to 20 years;
- Count 2, Robbery: 6.5 to 13 years, consecutive;
- Count 3, Robbery: 6.5 to 13 years, consecutive;
- Count 4, Criminal Conspiracy: 6.5 to 13 years, concurrent;
- Count 5, Kidnapping: 6.5 to 13 years, consecutive;
- Count 6, Theft by Extortion: 15 to 30 months, concurrent;
- Count 7, Kidnapping: 6.5 to 13 years, consecutive; and
- Count 8, Unlawful Restraint: 1 to 2 years, consecutive.

Mr. Robinson appealed to the Superior Court, challenging – among other things – the sufficiency of the evidence and the discretion of the court in imposing his sentence. This Superior Court affirmed, and Mr. Robinson then sought relief from the Supreme Court of Pennsylvania. The Supreme Cort denied his petition for allowance of appeal on December 10, 2014.

On July 30, 2015, Mr. Robinson filed a pro se petition for state collateral relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S. § 9541 *et seq.* ("PCRA"). Following a "no merit" letter and motion to withdraw by court-appointed counsel, the PCRA court granted the motion and dismissed the PCRA petition on May 3, 2017. Mr. Robinson appealed the PCRA court's decision *pro se*, claiming that his PCRA appointed counsel had unlawfully withdrawn from the PCRA proceedings, his trial counsel failed to inform him

that he could be sentenced consecutively to ten-year mandatory minimum sentences, and he was illegally sentenced under 42 Pa. C.S. § 9712(A), which the Superior Court held to be unconstitutional. *See Com. V. Valentine*, 101 A.3d 801 (Pa. Super. Ct. 2014).

On January 24, 2018, the Superior Court affirmed the denial of PCRA relief as to Mr. Robinson's counsel-related claims but granted relief on the illegal sentence claim. The court vacated his judgment of sentence and remanded for resentencing. Mr. Robinson filed a petition for allowance of appeal as to the counsel-related claims, but the Pennsylvania Supreme Court denied his petition on October 9, 2018. The trial court resentenced Mr. Robinson on April 18, 2019, to an aggregate term of 34 to 68 years' imprisonment under the following sentence structure:

- Count 1, Robbery: 10 to 20 years;
- Count 2, Robbery: 10 to 20 years, consecutive;
- Count 3, Robbery: 10 to 20 years, concurrent;
- Count 4, Criminal Conspiracy: 10 to 20 years, concurrent;
- Count 5, Kidnapping: 10 to 20 years, consecutive;
- Count 6, Theft by Extortion: 2 to 4 years, consecutive;
- Count 7, Kidnapping: 10 to 20 years, concurrent; and
- Count 8, Unlawful Restraint: 2 to 4 years, consecutive.

Mr. Robinson appealed this new sentence, claiming that the trial court had erred in imposing the 10-year sentences on Counts One through Four because the

Commonwealth failed to provide him notice that it intended to seek a mandatory minimum sentence pursuant to 42 Pa. C.S. § 9714. The Superior Court rejected this argument, and, on April 12, 2021, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

In May 2021, Mr. Robinson filed a PCRA petition alleging that his counsel at resentencing was ineffective for failing to make any argument to the trial court to impose a lesser sentence. The PCRA court dismissed the petition, and Mr. Robinson appealed to the Superior Court, which denied his appeal. The Pennsylvania Supreme Court denied his petition for allowance of appeal on June 25, 2024.

On August 15, 2024, Mr. Robinson filed the habeas corpus petition in this case, asserting:

1) Whether the trial court improperly denied the Petitioner's motion to sever his trial from that of co-defendant to essentially deprive Petitioner of a fair trial in violation of his Due Process rights?

2) Whether trial counsel, Janice L. Martino Longer, Esquire was ineffective during trial, sentencing, and on appeal in violation of Petitioner's Due Process rights to counsel at a critical stage?

3) Whether appellate counsel Lyden was ineffective for failing to argue for a lesser sentence at re-sentencing and failing to challenge the deviation from the Sentencing Guidelines as lacking a proper basis and appellate counsel

Miller ineffectiveness for failing to raise all prior counsel's ineffectiveness on direct review and/or collateral review in violation of his Due Process rights guaranteed by the 14th Amendment?

4) Whether the PCRA court abused its discretion?

On September 4, 2024, I referred this case to Magistrate Judge Lynne A. Sitarski for a Report and Recommendation. On September 29, 2025, Judge Sitarski recommended denial of Mr. Robinson's first and second claim because they were not filed in time. She also recommended denial of his first, third, and fourth claims because they lacked merit. On April 13, 2026, Mr. Robinson filed an objection to the Report and Recommendation in which he asserts that claims one and two were timely and that his second claim has merit. He does not address the merits of claims one, three, or four.

## II. LEGAL STANDARD

A person in custody pursuant to a state court judgment generally has one year to apply for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Pursuant to 28 U.S.C. § 2254, a district court may only grant that application if the applicant's claims were fully adjudicated on the merits in state court and that adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)-(2). A federal court must presume that a state court correctly resolved factual issues, but a petitioner can rebut that

presumption with clear and convincing evidence. *See Werts v. Vaughn*, 228 F 3d 178, 196 (3d Cir. 2000).

## III. DISCUSSION

### A. Timeliness

Judge Sitarski incorrectly determined that Mr. Robinson's first and second claims are untimely. Section 2244(d)(1)(a) states that the one-year statute of limitations for habeas petitions brought under Section 2254 shall start, among other times, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, there is a tolling exception that pauses the statute of limitations timer when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The timeliness analysis is done on a claim-by-claim basis, so that a court examines each issue a petitioner raises independently of the other to determine if it was filed in a timely manner. *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

The Third Circuit has held that "a resentencing as to one count of a conviction that makes no changes to the confinements authorized by the other undisturbed counts does not affect the 'judgment' as to those counts and, hence, does not reset the habeas counter." *Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 225 (3d Cir. 2022) (citing *Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300 (3d Cir. 2019)). But the Third Circuit in

*Romansky* anticipated – and then later held in *Lesko* – that when "a court undertakes a *de novo* resentencing as to all counts of conviction" in the event that any one count is vacated on appeal, "the resentencing might constitute a new judgment as to every count of conviction." *Lesko*, 34 F.4th at 225. That is because "[r]esentencing creates a new judgment as to each count of conviction for which a new or altered sentence is imposed, while leaving undisturbed the judgments for any counts of conviction for which neither the sentence nor the conviction is unchanged." *Id.* In other words, "[b]ecause both a conviction and sentence are necessary to authorize a prisoner's confinement, and resentencing creates a new judgment authorizing a prisoner's continued confinement," *id.*, a petition challenging that new judgment is timely if it is within one year of that judgment becoming final.

In this case, like *Lesko*, Mr. Robinson was resentenced on all counts and thus had no undisturbed counts of conviction. At Mr. Robinson's resentencing hearing, both sides could argue why the trial court should adjust any and all counts of the sentence, and the trial court changed almost every count of Mr. Robinson's sentence. It is clear, then, that the trial court resentenced Mr. Robinson *de novo* in a similar fashion to the petitioner in *Lesko.* At that point, the state court created a new judgment, thus resetting the one-year statute of limitations. *See Lesko*, 34 F.4th at 225.

As a result, the one-year clock for claims One and Two did not start on January 9, 2019. Instead, it began on July 11, 2021, which is the final day Mr. Robinson could have

sought a writ of certiorari to the Supreme Court to appeal his new sentence. However, the statute of limitations was tolled on May 20, 2021, when he filed his second PCRA petition, meaning that no time has lapsed in the statute of limitations timer. The statute of limitations timer would have no longer been tolled on September 23, 2024, which would have been his last day to seek certiorari from the United States Supreme Court regarding possible PCRA court errors. Because he filed his writ of habeas corpus on August 15, 2024, Mr. Robinson submitted his habeas petition within one year of the statute of limitations period pursuant to §2244, and his claims are therefore timely.

Judge Sitarski reached the opposite conclusion based on her reading of the Third Circuit's decision in *Romansky*. However, in *Lesko*, the Third Circuit clarified that *Romansky* "stands for the proposition that a resentencing as to one count of a conviction that makes no changes to the confinements authorized by the other undisturbed counts does not affect the 'judgment' as to those counts and, hence, does not rese3t the habeas counter." *Lesko*, 34 F.4th at 225. That's not the situation in this case, though. In this case, the Superior Court vacated the sentence as to all of Mr. Robinson's counts of conviction, and the trial court then conducted a *de novo* resentencing as to all counts of conviction. That resentencing "create[d] a new judgment as to each count of conviction for which a new or altered sentence [was] imposed." *Id.* Because Mr. Robinson "was resentenced as to all counts of his conviction[,] as a result, his guilt-phase claims are not" time-barred. *Id.*

### B. Ineffective Assistance Of Counsel

Because Judge Sitarski's Report and Recommendation did not reach the merits of Mr. Robinson's second claim regarding the ineffectiveness of Ms. Longer, I will conduct my own review of this claim. In reviewing claims for ineffective assistance of counsel, a petitioner must show both deficient performance and prejudice. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of informing a client's choice to refuse or accept a plea deal, a petitioner must show that his counsel did not provide enough information that would have allowed him to make a reasonable decision on whether he should accept a plea offer to satisfy the deficient performance element. *See United States v. Day*, 969 F.2d 39, 43–44 (3d Cir. 1992). To satisfy the prejudice prong, the petitioner must show that but for the ineffective advice of counsel, there is a reasonable probability that he would have accepted the plea offer, the prosecution would not have withdrawn the offer, the court would have accepted its terms, and the conviction or sentence (or both) under the offer's terms would have been less severe than under the judgment and sentence that the trial court imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

In his objection to Judge Sitarski's Report and Recommendation, Mr. Robinson contends that his trial attorney never informed him of the fact that his sentences could be enforced consecutively if he was found guilty. He claims that if he knew about this fact, he would have taken a 9-year plea deal that was allegedly offered to him by the

Commonwealth. Beyond this bare allegation, there is nothing that shows that this exchange occurred or that it prejudiced him. Mr. Robinson does not provide any evidence that the Commonwealth offered him such a plea deal, nor does he show that the court would have accepted the plea. A petitioner must make more than a bare allegation that but for counsel's errors, he would have pleaded guilty and gone to trial. *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995), superseded by statute on other grounds as stated in *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996). Without further evidence showing the details of the purported plea offer or that he and the court would have accepted the plea deal, Mr. Robinson's bare allegation fails to show a reasonable probability that, but for his trial counsel's purported errors, he would have accepted, and the trial court would have approved, a plea offer that would have resulted in a less severe conviction and sentence. Because Mr. Robinson has failed to show how the state court unreasonably applied the *Lafler* standard, I will deny his petition.

### C. Evidentiary Hearing

Section 2254 prohibits an evidentiary hearing if the Petitioner has failed to develop the factual basis of a claim in state court proceedings, unless the petitioner shows that his claim relies on a new rule of constitutional law that a court can apply retroactively or there is a factual error that could not be discovered through the exercise of due diligence. 28 U.S.C. §2254(e)(2)(A). He must also show that "[t]he facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional

error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2)(B). Failing to develop a factual claim in state court requires a lack of diligence or other fault attributable to petitioner or his counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

While Mr. Robinson requested the state court to hold an evidentiary hearing, his request does not show that he was diligent in developing the factual basis of his claim. Mr. Robinson only asked for an evidentiary hearing on appeal in the Superior Court after the PCRA court dismissed his counsel-related claims. He never asked for an evidentiary hearing in the PCRA court, where such a hearing would have been appropriate. A failure to seek an evidentiary hearing in the manner prescribed by state law constitutes a lack of diligence. *See Gist v. Diguglielmo,* Case No. 05-4250, 2009 WL 2616716 at *20-*21 (E.D. Pa. Aug. 25, 2009) (quoting *Wiliams v. Taylor*, 529 U.S. 420, 430 (2000)). Further, his evidentiary hearing request did not state what claim he wanted the hearing to consider, what kind of evidence he would present at the hearing, or how his case would be furthered by an evidentiary hearing, which also indicates a lack of diligence. Because Mr. Robinson was not diligent in creating a factual basis for his ineffective assistance of counsel claim in state court and does not show that the narrow exceptions listed in Section 2254(e)(2) apply to him, he cannot receive an evidentiary hearing.

Even if the Section 2254(e)(2) bar did not apply, I would still not grant Mr. Robinson an evidentiary hearing. When there is no prohibition in granting an evidentiary hearing

through Section 2254(e)(2), the district court still has discretion in deciding whether to hold a hearing. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). In exercising that discretion, a court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. Further, the petitioner bears the burden to show why a hearing would be meaningful by "forecast[ing] ... evidence beyond that already contained in the record' that would help his cause, 'or otherwise ... explain how his claim would be advanced by an evidentiary hearing." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir.2000) (quoting *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998) (overruled on other grounds)).

Mr. Robinson has not brought forth any evidence or statements that show why an evidentiary hearing might advance his claim. Again, he does not mention what witnesses or evidence he could present at an evidentiary hearing. His statement that he was not informed of consecutive sentences does not forecast any evidence that is beyond the record that could advance his claim. I will not grant a hearing to every petitioner who makes a bare assertion of ineffective assistance of counsel without meaningful detail as to why such a hearing is warranted. Doing so would open the floodgates in federal courts by allowing anyone who merely states that they were prejudiced by their attorney an evidentiary hearing.

## IV. CONCLUSION

Mr. Robinson does not object to Judge Sitarski's determination that his claims regarding the severability of his original trial and the abuse of discretion by the PCRA court are not cognizable. He also does not object to her recommendation that I dismiss as meritless his claim regarding his PCRA counsel's ineffectiveness. I approve and adopt these parts of Judge Sitarski's Report and Recommendation. While I will sustain Mr. Robinson's objection regarding the timeliness of his claims, I will still dismiss his claim regarding the effectiveness of his trial counsel because it lacks merit. In addition, I conclude that Mr. Robinson has not shown that reasonable jurists would not disagree with my resolution of Mr. Robinson's constitutional claims or that jurists could conclude that the issues that Mr. Robinson raises are adequate to deserve encouragement to proceed further. Therefore, no certificate of appealability will issue. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**

July 31, 2026